# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ADVOCACY TRUST, LLC, as CONSERVATOR of STACY JACKSON,** | : : : : |
| Plaintiff, | : : |
| vs. | : **CIVIL ACTION FILE NO.:** |
| **UNITED STATES OF AMERICA,** | : : : |
| Defendant. | : |

## COMPLAINT FOR DAMAGES
## UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff Advocacy Trust, LLC, as Conservator of Stacy Jackson, by and through undersigned counsel, files their Complaint against Defendant United States of America, showing the following:

1.

This is an action against the Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 and 28 U.S.C. § 1346, for negligence and professional malpractice in connection with medical care provided to Stacy Jackson by healthcare providers employed by Southside Medical Center, Inc., on or about January 6, 2020, at WellStar AMC.

1

2.

At all relevant times, Southside Medical Center, Inc., and its agents/employees, including Donna Sinclair, M.D., were deemed to be FTCA-covered employees.

3.

The claims herein are brought against Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680 and 28 U.S.C. § 1346) for money damages as compensation for personal injuries caused by Defendant's negligence.

4.

Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5.

Plaintiff served notice of their claim on the U.S. Department of Health and Human Services ("HHS") less than two years after the incident forming the basis of this lawsuit, in accordance with 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675.  The Administrative Claim Numbers are 2021-0475 and 2021-0637.  A copy of the Form 95 and the HHS denial letter are attached as Exhibit "A".

6.

Plaintiff files the instant Complaint within six months after the date of mailing, by certified or registered mail, the notice of final denial of the claim by the U.S. Department of Health and Human Services pursuant to 28 U.S.C. § 2401(b). The denial letter is dated February 17, 2022, and is included in the materials attached as Exhibit "A".

**PARTIES, JURISDICTION, AND VENUE**

7.

Plaintiff Advocacy Trust LLC is a limited liability corporation with its registered agent located at 9040 Roswell Road, Suite 500, Fulton County, Atlanta, GA, 30350.  Advocacy Trust LLC has been duly appointed as conservator for Stacy Jackson and is authorized to bring this action on behalf of Stacy Jackson pursuant to the Letters of Conservatorship issued in the Probate Court of DeKalb County, State of Georgia.  A copy of the Final Order and Letters of Conservatorship are attached as Exhibit "B".

8.

At all relevant times, Defendant United States of America, through its agency, the Department of Health and Human Services, deemed Southside Medical Center,

Inc. and its agents/employees, to be employees of the Federal Government for the purpose of section 224(h), and covered under the Federal Tort Claims Act.

9.

On January 6, 2020, Donna Sinclair, M.D., in her capacity as an agent/employee of Southside Medical Center, Inc., provided medical care and treatment to Stacy Jackson at WellStar AMC located at 303 Parkway Drive NE, Atlanta, Georgia 30312.

10.

At all relevant times, including January 6, 2020, Donna Sinclair, M.D. was employed by and/or acting on behalf of Southside Medical Center, Inc. Consequently, Defendant United States of America is responsible for the negligent acts of Donna Sinclair, M.D. under *respondeat superior*.

11.

Defendant United States of America, Southside Medical Center, Inc., and its agents/employees including Donna Sinclair, M.D., are collectively referred to below as "Defendant".

12.

Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

13.

Venue is proper under 28 U.S.C. § 1402(b) because the acts or omissions forming the basis of this claim occurred in the Northern District of Georgia, Atlanta Division.

**FACUTAL ALLEGATIONS**

14.

On January 6, 2020, Stacy Jackson, 33 years-old, presented to Southside Medical Center, Inc. in Atlanta, Georgia, for a previously scheduled prenatal visit.

15.

During the visit, the fetal gestational age was noted to be 37 weeks and 1 day.

16.

Ms. Jackson's blood pressure was taken and documented at 148/100.

17.

It is noted in the Southside Medical Center records that Ms. Jackson had "elevated BP x 2 today."

18.

It is also documented that Ms. Jackson had a history of elevated blood pressure in her previous pregnancies.

19.

At the conclusion of the January 6, 2020, appointment at Southside Medical Center, Ms. Jackson was instructed to go to WellStar AMC for evaluation due to the elevated blood pressure reading.

20.

According to the records, Ms. Jackson presented to WellStar AMC on January 6, 2020, at approximately 12:38 p.m.

21.

Ms. Jackson's blood pressure was taken after she arrived at WellStar AMC. At 1:06 p.m., her blood pressure was 187/92. At 1:24 p.m., it was documented at 159/88. At 1:27 p.m., Ms. Jackson's blood pressure was 160/90.

22.

A History & Physical was performed at WellStar AMC at approximately 2:16 p.m. by Donna Sinclair, M.D.

23.

It is documented in the History & Physical that Ms. Jackson had a history of previous c-section for severe preeclampsia.

24.

After the History & Physical was completed, Ms. Jackson was admitted to the Labor and Delivery Department at WellStar AMC for an emergent repeat c-section.

25.

Dr. Sinclair's admission diagnosis for Ms. Jackson was "severe preeclampsia, third trimester".

26.

The "Plan" section of the History & Physical states "magnesium sulfate per protocol".

27.

Despite the above-referenced entry for the magnesium sulfate protocol in the History & Physical, Dr. Sinclair did not enter an order to initiate the administration of magnesium sulfate prior to the c-section.

28.

At 3:07 p.m., Ms. Jackson's blood pressure was documented as 178/101.

29.

At 3:09 p.m., Ms. Jackson's blood pressure was documented as 169/94.

30.

At 3:13 p.m., Ms. Jackson's blood pressure was documented as 156/88.

7

31.

At 3:15 p.m., Ms. Jackson's blood pressure was documented as 140/91.

32.

The c-section began on January 6, 2020, at approximately 3:28 p.m.

33.

At approximately 3:35 p.m., after delivery of the baby and during the closing of the surgical wound, Ms. Jackson suffered an eclamptic seizure.

34.

At the time she seized, Ms. Jackson's blood pressure was documented as 166/146.

35.

At this point magnesium sulfate was administered for the first time, and Ms. Jackson stopped seizing.

36.

Ms. Jackson then suffered a cardiac arrest and developed hypoxia.

37.

Ms. Jackson experienced pulseless electrical activity ("PEA").

38.

From approximately 3:47 p.m. to 4:00 p.m., Ms. Jackson's heart rate is documented as "0".

39.

A code was called. CPR was administered for approximately 30 minutes and a defibrillator was used nine (9) times during this period.

40.

Ms. Jackson was subsequently transferred to the Intensive Care Unit at WellStar AMC where she experienced a long and complicated hospital course. She was discharged from WellStar AMC on February 21, 2020, and transferred to the inpatient rehabilitation unit at WellStar AMC, where she remained until being discharged home on March 6, 2020.

41.

As a result of the above-described events, Ms. Jackson suffered a hypoxic brain injury and is permanently disabled.

42.

As a result of the above-described events, Ms. Jackson is unable to speak or communicate verbally.

43.

As a result of the above-described events, Ms. Jackson experienced, and continues to experience, significant mental and physical pain and suffering.

44.

As a result of the above-described events, Ms. Jackson has been unable to work and has incurred lost wages.

45.

Plaintiff seeks reimbursement for all past, present, and future medical expenses, lost wages, loss of capacity to work, and loss of enjoyment of life arising from the incident described herein, in addition to reimbursement for past, present, and future mental and physical pain and suffering.

## COUNT I

46.

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45 above as if fully set forth herein.

47.

At all times material herein, Defendant had a duty to Stacy Jackson to provide medical treatment within the standard of care normally exercised by physicians and healthcare providers under like conditions and similar surrounding circumstances.

48.

Defendant was negligent in the care and treatment of Stacy Jackson and failed to comport with the requisite standard of care.

49.

Defendant deviated from the applicable standard of care by failing to order and administer magnesium sulphate to Ms. Jackson soon after she was admitted to the hospital and prior to the start of the c-section. The standard of care requires the continued intraoperative administration of parenteral magnesium sulphate to prevent eclampsia.

50.

The above-described acts and omissions of Defendant were contributing factors and proximate causes of the catastrophic injuries suffered by Stacy Jackson.

51.

Attached hereto in accordance with O.C.G.A. § 9-11-9.1 is the Affidavit of Arthur Richard Boerner, M.D., specifically setting forth at least one negligent act or omission claimed to exist and the basis for such claim against Defendant.

52.

Defendant United States of America is vicariously liable for the acts and omissions of Donna Sinclair, M.D., who at all relevant times was an employee of Southside Medical Center, Inc.

WHEREFORE Plaintiff prays:

a. That Summons be issued requiring Defendant to plead or appear as required by law to answer this Complaint;

b. That service be had upon the Defendant as required by law;

c. That a trial by jury be held;

d. That Plaintiff have and recover from Defendant an amount in excess of $10,000 to be proven at trial as damages for the related past, present, and future medical expenses incurred;

e. That Plaintiff have and recover from Defendant an amount in excess of $10,000 to be proven at trial as damages for past, present, and future lost wages and loss of ability to work;

f. That Plaintiff have and recover from the Defendant an amount to be proven at trial in excess of $10,000 for her past, present, and future mental and physical pain and suffering and loss of enjoyment of life;

g.  That Plaintiff have and recover from the Defendant an amount to be proven at trial in excess of $10,000 for her permanent disabilities;

h.  That all costs be cast against the Defendant; and

i.  That the Court award such other and further relief as the Court may deem just and proper.

Respectfully submitted this 11th day of May, 2022.

> */s/: Lee Gutschenritter*
> LEE GUTSCHENRITTER
> Ga. Bar No. 831583
> STEVEN R. WISEBRAM
> Ga. Bar No. 771350
> FINCH McCRANIE, LLP
> 225 Peachtree Street, NE
> 1700 South Tower
> Atlanta, GA 30303
> (404) 658-9070
> (404) 688-0649 facsimile
> lee@finchmccranie.com
> swisebram@finchmccranie.com
> *Counsel for Plaintiff*