IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADVOCACY TRUST, LLC, as CONSERVATOR of STACY JACKSON, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, and KENNESTONE HOSPITAL, INC. F/K/A, D/B/A WELLSTAR ATLANTA MEDICAL CENTER, INC., <br><br> Defendants. | CIVIL ACTION FILE <br> NO.: 1:22-cv-01876-JPB |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This is a medical malpractice action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 and 28 U.S.C. § 1346. Plaintiff alleges that an employee of Southside Medical Center, Inc.—a qualified health center under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n)—breached the applicable medical standard(s) of care.

Plaintiff has added Kennestone Hospital, Inc. as a party Defendant. Plaintiff alleges that Kennestone Hospital, Inc.'s agents and employees breached the applicable medical standard(s) of care. Kennestone Hospital, Inc. denies that it, or its agents and employees, were negligent with regard to Plaintiff's claims and assert that they fully complied with the standard of care in their treatment of Stacy Jackson.

1

(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**On January 6, 2020, Stacy Jackson, 33 years-old, presented to Southside Medical Center, Inc. in Atlanta, Georgia for a previously scheduled prenatal visit. During the visit, the fetal gestational age was noted to be 37 weeks and 1 day. It is noted in the Southside Medical Center records that Ms. Jackson had "elevated BP x 2 today." At the conclusion of the January 6, 2020, appointment at Southside Medical Center, Ms. Jackson was instructed to go to WellStar AMC for evaluation due to the elevated blood pressure readings.**

**Ms. Jackson's blood pressure was taken after she arrived at WellStar AMC. At 1:06 p.m., her blood pressure was documented at 187/92. At 1:24 p.m., it was documented at 159/88. At 1:27 p.m., Ms. Jackson's blood pressure was documented at 160/90.**

**A History & Physical was performed at WellStar AMC at approximately 2:16 p.m. by Donna Sinclair, M.D. It is documented in the History & Physical that Ms. Jackson had a history of previous c-section for severe preeclampsia. Ms. Jackson was admitted to the Labor and Delivery Department at WellStar AMC for an emergent repeat c-section. Dr. Sinclair's admission diagnosis for Ms. Jackson was "severe preeclampsia, third trimester". The "Plan" section of the History & Physical states "magnesium sulfate per protocol". Despite the above-referenced entry for the magnesium sulfate protocol in the History & Physical, no magnesium sulfate was administered to Ms. Jackson prior to the c-section.**

**At approximately 3:35 p.m., after delivery of the baby and during the closing of the surgical wound, Ms. Jackson suffered an eclamptic seizure. At the time she seized, Ms. Jackson's blood pressure was documented as 166/146. At this point magnesium sulfate was administered for the first time, and Ms. Jackson stopped seizing. At approximately 3:44 p.m., Ms. Jackson's heart rhythm was noted to be PEA and she developed hypoxia.**

**Plaintiff alleges that as a result of the above-described events, Ms. Jackson suffered a hypoxic brain injury and is permanently disabled.**

**Plaintiff claims that Defendant USA's employee, Dr. Sinclair, deviated from the applicable standard of care by failing to order and administer magnesium sulphate to Ms. Jackson soon after she was admitted to the hospital**

**and prior to the start of the c-section. Defendant denies Plaintiff's allegations and contends Dr. Sinclair complied with the applicable standard of care at all times.**

**Plaintiff has added Kennestone Hospital, Inc. as a party Defendant. Plaintiff alleges that Kennestone Hospital, Inc. agents and employees failed to administer magnesium sulphate to Ms. Jackson prior to the start of the c-section. Dr. Sinclair claimed in her deposition that she explicitly instructed the nurses to administer this medication prior to the start of the c-section. Plaintiff alleges that if Dr. Sinclair's sworn testimony is accurate, the Kennestone Hospital, Inc. employees deviated from the standard of care by failing to administer magnesium sulphate to Ms. Jackson prior to the start of the c-section. Kennestone Hospital, Inc. denies that it, or its agents and employees, were negligent with regard to Plaintiff's claims and assert that they fully complied with the standard of care in their treatment of Stacy Jackson.**

    (c)    The legal issues to be tried are as follows:

**Liability, damages and apportionment.**

    (d)    The cases listed below (include both style and action number) are:

    **(1)**    **None.**

    **(2)**    Previously Adjudicated Related Cases: **N/A.**

**2.**    This case is complex because it possesses one or more of the features listed below (please check):

    \_\_\_\_\_  (1) Unusually large number of parties
    \_\_\_\_\_  (2) Unusually large number of claims or defenses
    \_\_\_\_\_  (3) Factual issues are exceptionally complex
    \_\_\_\_\_  (4) Greater than normal volume of evidence
    \_\_X\_\_  (5) Extended discovery period needed
    \_\_\_\_\_  (6) Problems locating or preserving evidence
    \_\_\_\_\_  (7) Pending parallel investigations or action by government
    \_\_X\_\_  (8) Multiple use of experts
    \_\_\_\_\_  (9) Need for discovery outside United States boundaries
    \_\_X\_\_  (10) Existence of highly technical issues and proof
    \_\_\_\_\_  (11) Unusually complex discovery of electronically stored Information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**Lee Gutschenritter, Esq.**
**Finch McCranie LLP**
**229 Peachtree Street, NE**
**Suite 2500**
**Atlanta, GA 30303**
**404.658.9070**
**lee@finchmccranie.com**

Defendant USA:

**Holly A. Vance, Esq.**
**Assistant U.S. Attorney**
**600 Richard B. Russell Federal Bldg.**
**75 Ted Turner Drive, S.W.**
**Atlanta, Georgia 30303**
**(404) 581-6000**
**holly.a.vance@usdoj.gov**

Defendant Kennestone Hospital, Inc.:

**Sharonda B. Barnes, Esq.**
**Brian K. Mathis, Esq.**
**Huff, Powell & Bailey, LLC**
**999 Peachtree Street**
**Suite 950**
**Atlanta, GA  30309**
**sbarnes@huffpowellbailey.com**
**bmathis@huffpowellbailey.com**

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___ Yes         _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)   The flowing persons are necessary parties who have not been joined:

**N/A.**

(b)   The following persons are improperly joined as parties: **N/A.**

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted. **N/A.**

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None at the present time.**

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restarted below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    (a)    *Motions to Compel*; before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b)    *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    (c)    *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B; and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to served initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**N/A.**

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Not at the present time.**

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by

filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The subjects on which discovery may be needed are liability and damages. Specifically, whether the Defendant providers violated the standard of care in their treatment of Stacy Jackson. Defendants also intend to conduct discovery regarding whether any alleged breach of the standard of care is the cause of Ms. Jackson's alleged damages. Finally, discovery is needed on the extent and amount of Plaintiff's damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, pleas state those reasons in detail blow:

**Not applicable at the present time.**

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The parties propose the following deadlines:**

**A.   Discovery shall open on May 1, 2023, and conclude on January 5, 2024.**
**B.   September 1, 2023: Deadline for Plaintiff to identify experts retained in anticipation of litigation. The deposition of such experts shall be conducted by September 29, 2023.**
**C.   October 30, 2023: Deadline for Defendants to identify experts retained in anticipation of litigation. The deposition of such experts shall be conducted by December 8, 2023.**
**D.   January 5, 2024, Deadline for Plaintiff and Defendants to identify supplemental and rebuttal experts.**
**E.   Discovery closes January 31, 2024.**

    F.    **The parties request that the above deadlines be extended for good cause shown.**

(b)    Is any party seeking discovery of electronically stored information?

  __X__ Yes        ____ No

If "yes,"

    (1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties have agreed that discovery of ESI will likely be limited to medical and billing records and ESI pertaining to Plaintiff's damages, i.e. digital photographs, social media, etc. The parties do not anticipate any issues working together in good faith to resolve any ESI discovery issues that may arise.**

    (2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties have agreed that most ESI can be produced in searchable PDF format. If either party seeks native file production, the parties will confer to identify what documents need to be produced in a native format (or other format that includes any necessary metadata) and will work together to produce those documents.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.**    **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**N/A.**

**13.     Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>April 24, 2023</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):
<u>/s/ Lee Gutschenritter</u>

Other participants: <u>None.</u>

For defendant USA: Lead counsel (signature):
<u>/s/ Holly A. Vance</u>

For defendant Kennestone Hospital, Inc.: Lead counsel (signature):
<u>/s/ Sharonda B. Barnes</u>

Other participants: <u>None.</u>

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(__X_) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c)     Counsel (_X_) do or (____) do not intend to hold additional Settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined, but counsel anticipates having settlement discussions at some point during the course of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

**The parties represent that there are no specific problems that have created a hindrance to settlement at this time. The parties believe discovery is needed on the issues of liability and damages before meaningful settlement discussions can take place.**

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to have this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court, this ____ day of _____, 20__.

(b) The parties (__X_) do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| */s/ Lee Gutschenritter* | */s/ Holly A. Vance* |
| Counsel for Plaintiff | Counsel for Defendant USA |
| | */s/ Sharonda B. Barnes* |
| | Counsel for Defendant Kennestone Hospital, Inc. |

*****************

**SCHEDULING ORDER**

Upon review of the information contained in the Amended Joint Preliminary Report and the Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE